**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CANDACE WILLRICH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-357 |
| | § | |
| NORTHWESTERN CALIFORNIA | § | |
| UNIVERSITY LAW SCHOOL, DEAN | § | |
| MICHAEL CLANCEY, DEAN MARY | § | |
| SCHOFIELD, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On June 5, 2014, the United States Magistrate Judge issued his report and recommendation [Doc. #8], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Application for Injunctive Relief [Doc. #1] be denied at this time and this case be dismissed with prejudice for lack of jurisdiction.

On May 30, 2014, Plaintiff filed her application for injunctive relief in the Northern District of Texas [Doc. #1]. On June 3, 2014, the Northern District of Texas transferred this matter to the Eastern District of Texas [Doc. #5], stating that Plaintiff resided in Denton County, which is located in the Eastern District of Texas, and finding that the Northern District of Texas had no connection to the case sufficient to make venue proper there.

Plaintiff claims that she was wrongfully suspended from her online legal studies by Defendants, and asks that the court issue an injunction to prevent Defendants from terminating

1

her legal studies. On June 5, 2014, the United States Magistrate Judge found that the court lacked jurisdiction over this dispute because Plaintiff failed to file a complaint [Doc. #8]. The Magistrate Judge noted that Plaintiff filed only the application for injunctive relief, meaning that the court lacked jurisdiction to consider the matter.

On June 6, 2014, Plaintiff filed her objections to the report and recommendation of the Magistrate Judge [Doc. #10]. As a preliminary matter, Plaintiff could have cured the defect by filing a complaint; however, Plaintiff did not do so, and instead filed objections. Although Plaintiff attaches an exhibit to her objections that is labeled a complaint, the complaint lacks sufficient allegations for the court to determine what causes of action Plaintiff is asserting against Defendants in this case [Doc. #10-3]. Plaintiff asserts that she was wrongfully suspended from her online classes, that she was unable to identify an attorney in Texas, that Defendants failed to answer her questions regarding the law, that Defendants assaulted her in her home, and that Defendants colluded against her with the State of California and the State of Texas. The court is unable to determine from the factual and legal allegations made by Plaintiff what causes of action she is asserting against Defendants, and whether there are any actionable claims.[1]

Plaintiff objects to the findings of the Magistrate Judge that the court did not have jurisdiction over the matter. Plaintiff contends that the application set out sufficient facts to determine immediate and irreparable injury, loss, or damage to Plaintiff if a hearing is not scheduled. However, as the Magistrate Judge indicated, a party commences a civil action by filing a complaint. FED. R. CIV. P. 3. "When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief." *Adair*, 193 F. Supp. 2d at 200; *Greene v. Philadelphia Housing Authority*, 789 F. Supp. 2d 582, 584 (E.D. Penn. 2011); *P.K. Family*

---

[1] The court also questions whether the exercise of personal jurisdiction is appropriate over Defendants in this case. The individual Defendants are residents of California, and no facts have been asserted to establish that this court has personal jurisdiction over these individuals.

*Restaurant v. Internal Revenue Serv.*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (dismissing the case when the plaintiff filed no complaint but sought injunctive relief to delay the collection of taxes); *In the Matter of the Tax Indebtedness of Boyle*, No. CV 96-6967JGD(JRX), 1996 WL 806190, at *1 (C.D. Cal. Nov. 19, 1996); *see also Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("[O]nly a properly-filed 'complaint' can commence a civil action. Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." (citations omitted)); *Stewart v. INS*, 762 F.2d 193, 198-99 (2d Cir. 1985); *In re Warrant Authorizing the Interception of Oral Commc'ns*, 673 F.2d 5, 7 (1st Cir. 1982) ("But since no complaint was ever filed in this case, the court did not have jurisdiction over any ordinary civil action."); *Gometz v. Knox*, No. 07-cv-1734, 2007 WL 2986165, at *1 (D. Colo. Oct. 9, 2007) ("The Court lacks jurisdiction to grant or even consider preliminary injunctive or mandamus relief prior to the filing of a complaint."). Further, this Court's local rules require that an application for a temporary restraining order or for a preliminary injunction be made on an instrument separate from the complaint. *See* Eastern District of Texas Local Rule CV-65.

Further, Plaintiff offers nothing that would allow the court to exercise jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). "The court 'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.'" *Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 641 (E.D. Tex. 2013) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). In this case, it is Plaintiff's obligation to show that jurisdiction exists, and she failed to file a complaint. Therefore, no federal action was ever commenced, and the court cannot have jurisdiction over the case. Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's finding that this court's local rules "require that an application for a temporary restraining order or for a preliminary injunction be made on an instrument separate from the complaint" [Doc. #10 at 5]. Plaintiff contends that because the Northern District of Texas accepted her application and affidavit and did not notify her that it needed to be corrected, that this court should accept her filing as well. Plaintiff also contends that she plans to submit a "formal petition" prior to a scheduled hearing on her requested injunctive relief. Plaintiff claims that "federal civil rules do allow submission of an application of a preliminary injunction or temporary restraining order with an affidavit or a verified complaint." [Doc. #10 at 5-6]. In support of this proposition, Plaintiff cites to Eastern District of Texas Local Rule CV-65, which states, "[a]n application for a temporary restraining order or for a preliminary injunction shall be made on an instrument separate from the complaint." The court agrees that this is true; however, the Local Rule requires both an application and a complaint. The court does not have jurisdiction until a complaint is filed. Plaintiff's objection is overruled.

Plaintiff also objects to the fact that the clerk did not contact her to cure any pleading defect. However, matters of jurisdiction are for the court to determine. The clerk does not determine whether or not the court has jurisdiction over certain cases, and reviews documents filed for procedural errors. Plaintiff's objection is overruled.

Plaintiff also objects to the finding of the Magistrate Judge that the court lacked jurisdiction to consider the application for injunctive relief. Plaintiff asserts that her application for injunction and affidavit contain sufficient causes of action, and that this matter is urgent because "Texas and US Governments are assaulting Plaintiff daily for Defendants and have sexually assaulted Plaintiff again for lesbians who are apparently in 'cahoots' with the

Defendants." [Doc. #10 at 7]. As the court has already stated, the court is unable to determine from the factual and legal allegations made by Plaintiff what causes of action she is asserting against Defendants, and whether there are any actionable claims. Plaintiff's objection is overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #8] is hereby adopted, and Plaintiff's Application for Injunctive Relief [Doc. #1] is **DENIED**, and this case is dismissed without prejudice for lack of jurisdiction.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**So ordered and signed on**

**Jun 18, 2014**

_____
Ron Clark, United States District Judge